EDWARD H. KUBO, JR.  (2499)
United States Attorney
District of Hawaii

RACHEL S. MORIYAMA  (3802)
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
Email:  rachel.moriyama@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CIVIL NO. 07-00175 HG KSC |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT UNITED STATES' MOTION |
| v. | ) ) | FOR INTERLOCUTORY SALE; EXHIBITS "A"-"H" |
| $1,133,648.97 SEIZED FROM BANK OF HAWAII; $979,898.75 AND 11,200 LEHMAN BROTHERS HOLDINGS STOCK WARRANTS SEIZED FROM STERNE, AGEE & LEACH, INC.; $172,684.96 SEIZED FROM JP MORGAN CHASE BANK; $474,334.39 SEIZED FROM BANK OF AMERICA; $14,402.66 SEIZED FROM FIRST HAWAIIAN BANK; NINETEEN (19) ASSORTED VEHICLES; ASSORTED JEWELRY AND PENS; ASSORTED ARTWORK; AND ASSORTED COMPUTER AND ELECTRONIC EQUIPMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| ABDUL RASHID ABDULLAH; JOHN E. ADOLPH; STEPHAN D. BERGSTROM; RANDI BOCHINSKI; GREG CLAUSON; DILWORTH ENTERPRISES LLC; ALFRED NEUSTAEDTER; DAVID | ) ) ) ) ) | |

```
TAMAYO PEGRAM; SYED QADRI,      )
individually and on behalf of   )
AMASSE CAPITAL LLC and SOLOMON  )
& COMPANY, LLC; SUNSHINE        )
MEADOWS LLC; ELEANOR WEIG;      )
ROBERT WEIG; JAMES MOHAMMAD     )
YEW PUN WONG,                   )
                                )
            Claimants.          )
                                )
```

## FINDINGS AND RECOMMENDATION TO GRANT UNITED STATES' MOTION FOR INTERLOCUTORY SALE

Pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), Federal Rules of Civil Procedure, the United States of America filed a Motion for Interlocutory Sale (the "Motion") on September 19, 2007, in which it sought an order authorizing the interlocutory sale of the following defendant properties:

1. The nineteen (19) vehicles (hereinafter collectively referred to as the "Defendant Vehicles") described in the list attached hereto as Exhibit "A";

2. The assorted jewelry and pens described in the list attached hereto as Exhibit "B";

3. The assorted jewelry described in the list attached hereto as Exhibit "C";

4. The assorted artwork described in the list attached hereto as Exhibit "D";

5. The assorted computer and electronic equipment described in the list attached hereto as Exhibits "E" and "F"

hereinafter collectively referred to as the "Subject Defendant

Properties"); and the United States also sought the Court's authorization to sell, on an interlocutory basis, 11,200 Lehman Brothers Holdings stock warrants in Sterne, Agee and Leach, Inc. Account No. 7851-6792 held in the name of Solomon & Company LLC A/C YS, and which has been restrained in place.

On September 20, 2007, Claimants Abdul Rashid Abdullah and David Tamayo Pegram filed a written opposition to the Motion. Claimants Abdullah and Pegram are the registered owners of the following defendant vehicles:

    (1)  A black 2006 Mercedes Benz C230 bearing Hawaii license plate number PCX 693 and vehicle identification number ("VIN") WDBRF52HX6F830530 and registered to Abdul Rashid Abdullah; and

    (2)  A black 2006 Mercedes Benz C230 bearing Hawaii license plate number PDT228 and VIN WDBRF52H86F827187, and registered to David Tamayo Pegram.

Claimants Abdullah and Pegram did not object to the interlocutory sale, itself, but only raised concerns regarding (1) whether the sale of the two above-described vehicles would alter their legal status as registered owners or title holders; and (2) whether the deposit of the net proceeds from the sale of the two above-described vehicles into the Department of Justice's Seized Asset Deposit Fund would affect their ability to recover those net proceeds in the event that they prevailed in this litigation.

On September 26, 2007, Claimant Syed Qadri filed a written opposition to the Motion.  The only concern raised by Claimant Qadri was his objection to the interlocutory sale of any computer equipment that could have evidentiary value in connection with the related criminal case, <u>United States v. Syed Qadri, et al.</u>, Cr. No. 06-00469 JMS (hereinafter the "Criminal Case"), in which he is a named defendant.

On September 28, 2007, the United States filed a memorandum in reply to the written oppositions filed by Claimants Abdullah, Pegram and Qadri.  In its reply memorandum, the United States asserted that the objections raised by Claimants Abdullah and Pegram were without merit because (1) the interlocutory sale of, and substitution of cash for, the subject personal properties is requested for the sole purpose of preserving the value of those properties and is not intended to change the facts of the case or affect the legal claims of the parties; and (2) the government's proposed order requires the United States Marshal Service to provide an accounting of the interlocutory sale and to deposit all net sales proceeds into the Department of Justice's Seized Asset Deposit Fund so there will be a record of the amount of net sales proceeds attributable to each of the Subject Defendant Properties, including the vehicles claimed by Claimants Abdullah and Pegram.  With regard to the objection raised by Claimant Qadri, the United States acknowledged the valid concern

raised by Claimant Qadri and agreed that any computer equipment that had evidentiary value had to be maintained as evidence for the Criminal Case and should not be sold.

The United States' Motion was heard on October 2, 2007. Assistant United States Attorney Rachel Moriyama appeared for the United States; Della A. Belatti, Esq., appeared for Claimant Syed Qadri; William Plum, Esq., appeared for Claimants John E. Adolph, Stephan D. Bergstrom, Randi Bochinski, Dilworth Enterprises LLC, Alfred Neustaedter, and Sunshine Meadows LLC; and Jacqueline Phillips, Esq., appeared by telephone for Claimants Abdullah and Pegram.

The Court, having considered the written and oral arguments of counsel, HEREBY FINDS THAT:

1. The condition of the Subject Defendant Properties and the Stock Warrants are deteriorating and their respective values are depreciating with the passage of time;

2. The cost and expense of storing and maintaining some of the Subject Defendant Properties, most especially the Defendant Vehicles, is excessive and disproportionate to their fair market value;

3. Other than the specific written objections filed by Claimants Abdullah, Pegram and Qadri, no other objections to the Motion or the procedures proposed for the interlocutory sale were filed or received by the Court.

      4.    The objections raised by Claimants Abdullah and Pegram are without merit;

      5.    Pursuant to the objections raised by Claimant Qadri, and the United States' agreement, the computer and electronic equipment described in the lists attached hereto as Exhibit "G" have evidentiary value and shall be maintained as evidence for the Criminal Case and not sold on an interlocutory basis;

      6.    Pursuant to the objections raised by Claimant Qadri, and the United States' agreement, the computer and electronic equipment described in the lists attached hereto as Exhibit "H" have no evidentiary value and shall be sold on an interlocutory basis; and

      Based upon the foregoing, the Court HEREBY RECOMMENDS THAT THE UNITED STATES' MOTION FOR INTERLOCUTORY SALE BE GRANTED, SUBJECT TO THE FOLLOWING CONDITIONS AND TERMS:

      1.    The United States Marshals Service or its designees are authorized to sell those defendant properties specifically listed in Exhibits "A"-"D" and "H" (hereinafter collectively referred to as the "Interlocutory Sale Properties") attached hereto and incorporated herein by reference, by public sale as soon as practicable pursuant to the following terms and conditions:

(a)  The United States Marshals Service shall have the discretion to conduct the sale of the Interlocutory Sales Properties by public auction, including Internet auction.  The United States Marshals Service shall determine the date(s) and time(s) of the public auction(s) and may select the auctioneer(s).

(b)  In order to maximize the amounts realized from the sale of the Interlocutory Sale Properties or to minimize the sales costs incurred thereby, the United States Marshals Service may sell different categories or items of the Interlocutory Sale Properties at different times and locations, via different public auctions and using different auctioneers.

(c)  In order to maximize the amounts realized from the sale of the Interlocutory Sale Properties or to minimize the sales costs incurred thereby, the United States Marshals Service is authorized to sell the Interlocutory Sales Properties separately or in lots.

(d)  The United States Marshals Service is authorized to sell the Interlocutory Sale Properties "as is" and "where is".

(e)  The United States Marshals Service is authorized to deduct its costs of storing, maintaining, repairing and selling the Interlocutory Sale Properties from the proceeds received from the sale of the Interlocutory Sale Properties.

(f)   The United States shall file with the Court an accounting setting forth the disposition of all funds from the sale of the Interlocutory Sale Properties, including the sales amount of each item or lot; the amount that the United States Marshals Service deducts for the costs and expenses of storing, maintaining, repairing and selling each item or lot; and the remaining balance or net proceeds attributable to the sale of each item or lot.

(g)   The total net proceeds realized from the sale of the Interlocutory Sale Properties (_i.e._, combined sales prices less the United States Marshals Service costs, auctioneer commissions, liens and other selling and maintenance expenses) shall be deposited by the United States Marshals Service into an interest-bearing account with the United States Department of Justice's Seized Asset Deposit Fund.

2.   Sterne, Agee and Leach, Inc. is hereby authorized and ordered to sell the 11,200 Lehman Brothers Holdings stock warrants in Sterne, Agee and Leach, Inc. Account No. 7851-6792 held in the name of Solomon & Company LLC A/C YS (hereinafter the "Stock Warrants") pursuant to the following terms and conditions:

(a)   Sterne, Agee and Leach, Inc. shall sell the Stock Warrants as soon as practicable and for the highest available price.

(b)   Sterne, Agee and Leach, Inc. is authorized to deduct a reasonable transaction fee and costs incurred in selling the Stock Warrants from the proceeds received from the sale of the Stock Warrants.

(c)   Sterne, Agee and Leach, Inc. shall provide the United States Marshals Service with an accounting setting forth the disposition of the Stock Warrants, including the sales amount; the amounts that Sterne, Agee and Leach, Inc. deducts as a reasonable transaction fee and for costs incurred in selling the Stock Warrants; and the remaining balance or net proceeds from the sale of the Stock Warrants.

(d)   Sterne, Agee and Leach, Inc. shall tender to the United States Marshals Service the net proceeds from the sale of the Stock Warrants (_i.e._, the sales price less Sterne, Agee and Leach, Inc.'s reasonable transaction fee and costs of sale).

(e)   The United States Marshals Service shall deposit the net proceeds realized from the sale of the Stock Warrants into an interest-bearing account with the United States Department of Justice's Seized Asset Deposit Fund.

(f)   The United States shall file with the Court the accounting received from Sterne, Agee and Leach, Inc.

3.   The net proceeds from the sale of the Interlocutory Sale Properties and from the sale of the Stock Warrants (hereinafter collectively referred to as the "Net

Proceeds") shall be substituted for the Interlocutory Sale Properties and the Stock Warrants, as part of the defendant res in this civil forfeiture action, and the Net Proceeds shall be subject to the claims of all parties to the same extent that such parties had claims to the Interlocutory Sale Properties and the Stock Warrants, and to the further order of this Court.

DATED: November 2, 2007, at Honolulu, Hawaii.



_____
Kevin S.C. Chang
United States Magistrate Judge

USA v. $1,133,648.97 seized from Bank of Hawaii, etc.;
Civil No.  07-00175 HG KSC;
"ORDER GRANTING MOTION FOR INTERLOCUTORY SALE; EXHIBITS "A"-"H""