IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| United States of America,<br><br>      Plaintiffs,<br>  vs.<br><br>$1,133,648.97 *SEIZED FROM BANK OF HAWAII*; $979,898.75 AND 11,200 LEHMAN BROTHERS HOLDINGS STOCK WARRANTS *SEIZED FROM STERNE, AGEE & LEACH, INC.*; $172,684.96 *SEIZED FROM JP MORGAN CHASE BANK*; $474,334.39 *SEIZED FROM BANK OF AMERICA*; $14,402.66 *SEIZED FROM FIRST HAWAIIAN BANK*; NINETEEN (19) ASSORTED VEHICLES; ASSORTED JEWELRY AND PENS; ASSORTED ARTWORK; AND ASSORTED COMPUTER AND ELECTRONIC EQUIPMENT,<br><br>      Defendants,<br><br>_____<br><br>JOHN E. ADOLPH; STEPHEN D. BERGSTROM; RANDI BOCHINSKI; GREG CLAUSON; DILWORTH ENTERPRISES LLC; ALFRED NEUSTAEDTER; SYED QADRI, INDIVIDUALLY AND ON BEHALF OF AMASSE CAPITAL LLC AND SOLOMON & COMPANY, LLC; SUNSHINE MEADOWS LLC; ELEANOR WEIG; ROBERT WEIG; JAMES MOHAMMAD YEW PUN WONG,<br><br>      Claimants. | Civ. No. 07-00175 HG KSC |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION,**

1

**AS SUPPLEMENTED AND MODIFIED,
TO GRANT UNITED STATES' MOTION FOR INTERLOCUTORY SALE**

Claimant Syed Qadri, individually and on behalf of Amasse Capital LLC and Solomon & Company, LLC ("Claimant"), objects to the United States Magistrate Judge's Findings and Recommendation To Grant United State's Motion For Interlocutory Sale filed on November 2, 2007.

For the following reasons, the Court ADOPTS, as supplemented and modified, the November 2, 2007 Findings and Recommendation To Grant United State's Motion For Interlocutory Sale.

### BACKGROUND AND PROCEDURAL HISTORY

On March 29, 2007, the United States Of America filed the Complaint For Forfeiture. (Doc. 1.)

On May 16, 2007, Claimant Syed Qadri filed a Verified Claim For Property. (Doc. 16.)

On September 19, 2007, the United States filed a Motion for Interlocutory Sale. (Doc. 49.)

On November 2, 2007, the Magistrate Judge issued a Findings and Recommendation to Grant the United States Motion For Interlocutory Sale. (Doc. 68.)

On November 7, 2007, Claimant Syed Qadri, individually and on behalf of Amasse Capital LLC and Solomon & Company, LLC, filed Objections To The Magistrate Judge's Findings And Recommendation To Grant United States' Motion For Interlocutory Sale ("Objections"). (Doc. 73.)

On November 16, 2007, the United States filed a reply. (Doc. 75.)

The Court **ADOPTS** the background set out in the November F&R and does not recount it here.

### **STANDARD OF REVIEW**

A magistrate judge may be assigned to prepare findings and recommendations for a district judge on a pretrial matter that is dispositive of a claim. Fed. R. Civ. P. 72(b). If a party to the proceedings objects to the magistrate judge's findings or recommendations, the district court must review de novo those portions to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Raddatz, 447 U.S. at 673-74.

The Court may accept those portions of the Findings and Recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citing Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)).

De novo review means the district court must consider the

matter anew, as if it had not been heard before and as if no decision previously had been rendered.  See Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992).  The district court must arrive at its own independent conclusion about those portions to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 617-18 (9th Cir. 1989).

## ANALYSIS

The Court **ADOPTS** the facts as set forth in the November F&R.

### I. Claimant's Objections to the November 2, 2007 Magistrate Judge's Findings and Recommendation

#### A. Conviction In The Criminal Case Is Not A Pre-requisite To The Civil Forfeiture Proceeding

Claimant asserts a general objection to the Magistrate Judge's November 2, 2007, Findings and Recommendation to Grant the United States Motion For Interlocutory Sale ("November F&R").  Claimant argues that a conviction in the related criminal matter, United States of America v. Syed Qadri, Cr. No. 06-00469 JMS ("Criminal Case") is a pre-requisite to civil forfeiture of the Defendant Property:

> Claimant objects generally to the [November F&R] because a sale is fundamentally unfair in light of Claimant's presumption of innocence in the criminal case.

(Objections at 3, Doc. 73-2.)  The objection was raised for the first time after the issuance of the November F&R.

The common-law doctrine that a right of forfeiture of

property used in committing an offense does not attach until the individual is convicted of the offense does not apply. In the United States, civil forfeiture exists only by virtue of statute. "It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient." <u>Waterloo Distilling Corporation v. United States</u>, 51 S.Ct. 282, 284 (1931). In the case of <u>The Palmyra</u> the United States Supreme Court recognized the principle that the common-law pre-requisite of a conviction is inapplicable to seizures and forfeitures created by statute, *in rem*:

> Many cases exist where the forfeiture for acts done attaches solely in rem, and there is no accompanying penalty in personam. Many cases exist where there is both a forfeiture in rem and a personal penalty. But in neither class of cases has it ever been decided that the prosecutions were dependent upon each other. But the practice has been, and so this court understands the law to be, that the proceeding in rem stands independent of, and wholly unaffected by any criminal proceeding in personam.

<u>The Palmyra</u>, 25 U.S. 1, 9 (1827)(the prior conviction of individual offenders held unnecessary to a valid proceeding in admiralty, in rem, for forfeiture of a vessel for piratical aggression); <u>Waterloo Distilling Corporation v. United States</u>, 51 S.Ct. 282, 284 (1931)(forfeiture proceeding for defrauding government of tax on alcohol diverted to beverage purposes is "proceeding *in rem*").

A conviction in the related criminal proceeding is not

5

required in the civil forfeiture action where a statute provides for a proceeding *in rem* for the forfeiture of illicit property used in connection with a statutory violation, unless it is clear that the forfeiture statute contemplates a prior conviction. See, e.g., One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 234-35 (1972) (acquittal on criminal smuggling charge did not bar subsequent civil forfeiture of smuggled items); United States v. Ford, 64 Fed. Appx. 976, 984 (6th Cir. 2003) (acquittal on gambling and money laundering charges did not bar civil forfeiture of the property involved); Pimental v. DEA, 99 F. Supp. 2d 420, 432-33 (S.D.N.Y. 2000) (prosecutor's decision to decline criminal prosecution had no bearing on related civil forfeiture).

Here, the Complaint alleges the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), and 18 U.S.C. § 984.  The statutes provide for a proceeding *in rem* for the forfeiture of illicit property used in connection with statutory violations.[1]  The forfeiture statutes, 18 U.S.C. §

---

[1]  The Complaint alleges the Defendant Property is subject to forfeiture pursuant to:

(a)  18 U.S.C. § 981(a)(1)(A), as property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957, or any property traceable to such property.
      . . .
      (b)  18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense

6

981(a)(1)(A) and (C), and 18 U.S.C. § 984, do not provide for a prior conviction of Claimant in the related Criminal Case, and a conviction is not a pre-requisite to the civil forfeiture.  See 18 U.S.C. §§ 981(a)(1)(A) and (C), and 18 U.S.C. § 984.

**B.   The Claim Of Irreparable Harm Is Unsupported**

Claimant asserts a claim of irreparable harm if the Defendant Property is sold:

> A sale irreparably harms Claimant's interests in the seized properties that cannot be made whole by any proceeds from an interlocutory sale.

(Objection at 3, Doc. 73-2.)  Claimant raises the objection of irreparable harm for the first time in his Objections, filed after the issuance of the November F&R.  Claimant presents no evidence in support of the claim of irreparable harm.

The interlocutory sale of the Defendant Property is pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil

---

constituting "specified unlawful activity" (as defined in 18 U.S.C. §1956(c)(7)), or a conspiracy to commit such offense.  In the instant case, the alleged specified unlawful activities include mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344) and/or money laundering (18 U.S.C. §§ 1956 and 1957).
   . . . In addition, the defendant funds seized from the Tainted Accounts are subject to forfeiture, pursuant to 18 U.S.C. § 984, as fungible funds deposited in an account of a financial institution within one year from the date of the above-described fraud and/or money laundering offenses.
(Complaint at 7-8, Doc. 1.)

Procedure ("Supplemental Rule G(7)"), which provides in part:

> (b) Interlocutory Sale or Delivery.
> (i) Order to Sell. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or disproportionate to its fair market value;
> . . .
> (iv) Sales Proceeds. Sales proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest bearing account maintained by the United States pending the conclusion of the forfeiture action.

Fed. R. Civ. P., Supplemental Rule G(7)(b).

The purpose of an interlocutory sale of property in a civil forfeiture action is to preserve the monetary value of the seized property. The property is exchanged for money, an asset which does not deteriorate, and which is deposited into an interest bearing account. See Supplemental Rule G(7)(b)(iv).

The interlocutory sale of seized property requires a showing that the defendant property is subject to deterioration, depreciation or waste. Id. The interlocutory sale does not require a showing of a likelihood of success on the merits. Id.

Here, Claimant's conclusory assertion that he will suffer irreparable harm is unsupported by any proffer of evidence. The interlocutory sale of the Defendant Property is warranted as the claim is unsupported and because Claimant does not controvert the

finding in the November F&R that the Defendant Properties are decreasing in value because of deterioration, depreciation, and the cost of storage and maintenance.  (See the November F&R at p.5, ¶¶ 1-2, Doc. 68.)

The Court ADOPTS the Magistrate Judge's finding that the subject properties are subject to deterioration, depreciation, and excessive storage and maintenance costs, and the recommendation that the United States' Motion for Interlocutory Sale be granted.  (Doc. 68 at 5.)

**II. The Court adopts the portions of the F&R to which no objections have been raised**

There is no clear error with respect to the portions of the November F&R to which no objections have been raised.  See Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003) (citations omitted) (a district court may accept those portions of the F&R that are not objected to if it is satisfied that there is no clear error on the face of the record).  The portions of the F&R to which no objections have been raised are adopted in their entirety.

//

//

//

//

//

**CONCLUSION**

For the foregoing reasons, the United States Magistrate Judge's November 2, 2007 Findings and Recommendation to Grant the United States Motion For Interlocutory Sale, (Doc. 68), is **ADOPTED** as supplemented and modified.

IT IS SO ORDERED.

DATED:   March 11 , 2008, Honolulu, Hawaii.



　　　　　　　　　　　　　　　　  /s/ Helen Gillmor

　　　　　　　　　　　　　　　Chief United States District Judge

---

United States of America v. $1,133,648.97 seized from Bank of Hawaii; et al.; 07-00175 HG KSC; ORDER ADOPTING FINDINGS AND RECOMMENDATION AS SUPPLEMENTED AND MODIFIED TO GRANT UNITED STATES' MOTION FOR INTERLOCUTORY SALE